**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, RARE BREED TRIGGERS, INC. and RBTM LLC,<br><br>Plaintiffs / Counterclaim Defendants,<br><br>v.<br><br>NSPEC INNOVATIONS LLC and COLLIN MCMILLAN,<br><br>Defendants / Counterclaimants. | Civil Action No. 4:26-cv-00948-ALM |

**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiffs and Counterclaim-Defendants ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively the "Counterclaim-Defendants"), by and through their attorneys, hereby answer Defendants's and Counterclaim-Plaintiff's NSPEC Innovations LLC, Counterclaims as follows:

## PARTIES

1. Counterclaim Defendants lack information or knowledge necessary to either admit or deny the allegations in Paragraph 1, and therefore deny the allegations in Paragraph 1.

2. Counterclaim Defendants admit the allegations in Paragraph 2.

3. Counterclaim Defendants admit the allegations in Paragraph 3.

## JURISDICTION

4. Counterclaim Defendants admit the allegations in Paragraph 4.

5. Counterclaim Defendants admit the allegations in Paragraph 5.

## BACKGROUND

6. Counterclaim Defendants admit that they filed this action accusing Defendants of infringing the '247 Patent, among other patents, through certain products offered for sale by Defendants, and admit that Counterclaim Defendants assert that the '247 Patent is valid and enforceable. Counterclaim Defendants deny that they accused Counterclaim Plaintiffs of "infringing the '247 Patent (among other patents) through certain products offered for sale by Dogwood," and deny any other allegation in Paragraph 6.

7. The Counterclaims contain no Paragraph 7. Accordingly, no response is required.

8. Counterclaim Defendants admit the allegations in Paragraph 8.

9. Counterclaim Defendants admit the allegations in Paragraph 9.

**COUNT I**
**DECLARATION JUDGMENT OF UNENFORCEABILITY OF THE ’247 PATENT**

10. Counterclaim Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

**Prosecution of the ’247 Patent**

11. Counterclaim Defendants admit the allegations in Paragraph 11.

12. Counterclaim Defendants admit the allegations in Paragraph 12.

13. Counterclaim Defendants deny the allegations in Paragraph 13.

14. Counterclaim Defendants deny the allegations in Paragraph 14.

15. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 15 speak for themselves but deny any other allegation in Paragraph 15.

16. Counterclaim Defendants admit the allegations in Paragraph 16 to the extent they are consistent with 37 C.F.R. § 1.56 but deny any other allegation in Paragraph 16.

17. Counterclaim Defendants admit the allegations in Paragraph 17.

18. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 18 speak for themselves but deny any other allegation in Paragraph 18.

19. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 18 speak for themselves but deny any other allegation in Paragraph 18.

20. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 20 speak for themselves but deny any other allegation in Paragraph 20.

21. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 21 speak for themselves but deny any other allegation in Paragraph 21.

22. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 22 speak for themselves but deny any other allegation in Paragraph 22.

23. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 23 speak for themselves but deny any other allegation in Paragraph 23.

24. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 24 speak for themselves but deny any other allegation in Paragraph 24.

25. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 25 speak for themselves but deny any other allegation in Paragraph 25.

26. Counterclaim Defendants deny the allegations in Paragraph 26.

**Tommy Triggers FRT-15-3MD Prior Art**

27. Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 27.

28. Counterclaim Defendants lack information or knowledge necessary to either admit or deny the allegations in Paragraph 28, and therefore deny the allegations in Paragraph 28.

29. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 29 speak for themselves but deny any other allegation in Paragraph 29.

30. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 30 speak for themselves but deny any other allegation in Paragraph 30.

31. Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution

of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 31.

32. Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 32.

33. Counterclaim Defendants assert that the structure and operation of the Tommy Triggers FRT-15-3MD was disclosed to the USPTO in the application that became the '247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the '225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 33.

**Rare Breed FRT-15E3 Prior Art**

34. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 34 speak for themselves but deny any other allegation in Paragraph 34.

35. Counterclaim Defendants deny that the referenced video confirmed details about the FRT-15E3.

36. Counterclaim Defendants deny that an enabling disclosure of the FRT-15E3 was made to the public before the effective filing date of the '225 Application.

37. Counterclaim Defendants deny the allegations in Paragraph 37.

38. Counterclaim Defendants deny the allegations in Paragraph 38.

39. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 39 speak for themselves but deny any other allegation in Paragraph 39.

40. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 40 speak for themselves but deny any other allegation in Paragraph 40.

41. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 41 speak for themselves but deny any other allegation in Paragraph 41.

42. Counterclaim Defendants deny the allegations in Paragraph 42.

43. Counterclaim Defendants deny the allegations in Paragraph 43.

44. Counterclaim Defendants deny the allegations in Paragraph 44.

45. Counterclaim Defendants deny the allegations in Paragraph 45 and deny that the FRT-15E3 is prior art.

46. Counterclaim Defendants deny the allegations in Paragraph 46 and deny that the FRT-15E3 is prior art.

47. Counterclaim Defendants acknowledge that the referenced documents speak for themselves but deny that the FRT-15E3 was prior art and the remaining allegations in Paragraph 47.

48. Counterclaim Defendants deny the allegations in Paragraph 48.

**The ’247 Patent is Unenforceable**

49. Counterclaim Defendants deny the allegations in Paragraph 49.

50. Counterclaim Defendants admit that NSPEC requests a declaration of unenforceability but deny that Counterclaim Plaintiff is entitled to such relief.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE ’247 PATENT

51. Counterclaim Defendants incorporate by reference their answers to the preceding paragraphs as if set forth fully herein.

52. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 52 speak for themselves but deny any other allegation in Paragraph 52.

53. Counterclaim Defendants admit the allegations in Paragraph 53.

54. Counterclaim Defendants assert that the structure and operation of the FRT-15-3MD was fully disclosed to and considered by the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 54.

55. Counterclaim Defendants deny the allegations in Paragraph 55.

56. Counterclaim Defendants admit the allegations in Paragraph 56.

57. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 57 speak for themselves but deny any other allegation in Paragraph 57.

58. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 58 speak for themselves but deny any other allegation in Paragraph 58.

59. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 59 speak for themselves but deny any other allegation in Paragraph 59.

60. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 60 speak for themselves but deny any other allegation in Paragraph 60.

61. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 61 speak for themselves but deny any other allegation in Paragraph 61.

62. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 62 speak for themselves but deny any other allegation in Paragraph 62.

63. Counterclaim Defendants acknowledge that the documents referenced in Paragraph 63 speak for themselves but deny any other allegation in Paragraph 63.

64. Counterclaim Defendants assert that the structure and operation of the FRT-15-3MD was disclosed to the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 64.

65. Counterclaim Defendants deny the allegations in Paragraph 65.

66. Counterclaim Defendants acknowledge that the referenced documents speak for themselves and assert that the structure and function of the FRT-15-3MD was disclosed to the USPTO in the application that became the ’247 Patent as prior art. The Information Disclosure Statement submitted to the USPTO during the prosecution of the ’225 Application disclosed U.S. Patent No. 11,724,003 as prior art, which fully and completely discloses the structure and operation of the FRT-15-3MD. Counterclaim Defendants deny any other allegation in Paragraph 66.

67. Counterclaim Defendants deny the allegations in Paragraph 67.

68. Counterclaim Defendants admit that NSPEC requests a declaration from this Court but deny that Counterclaim Plaintiff is entitled to such relief.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), and without admitting or acknowledging that they bear the burden of proof as to any of them, ABC, Rare Breed and RBTM assert the following affirmative defenses to Defendant's/Counterclaim-Plaintiff's Counterclaims.

1. The Counterclaims fail to state a claim upon which relief can be granted.

2. Defendants' counterclaims fail in whole or in part under principles of equity, including, without limitation, because of Defendants' unclean hands and acts done in bad faith.

## RESERVATION OF RIGHTS

In asserting these defenses, Counterclaim-Defendants have not knowingly or intentionally waived any applicable defenses. Counterclaim-Defendants reserve the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action, including discovery. Counterclaim-Defendants reserve the right to amend or seek to amend its answer or affirmative defenses.

## PRAYER FOR RELIEF

ABC, Rare Breed and RBTM deny that Counterclaim-Plaintiff are entitled to any of the relief requested and also deny that such requested relief could properly be granted to Counterclaim-Plaintiffs. ABC, Rare Breed and RBTM request that the Court dismiss and/or deny any relief for any of the asserted Counterclaims.

DATED: September 1, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*
Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 7472091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs / Counterclaim Defendants*
*ABC IP, LLC, Rare Breed Triggers, Inc., and RBTM LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 1, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin